IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KITTICE CAROUTHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02705-TLP-atc |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Kittice Carouthers appeals the decision of Defendant Commissioner of Social Security ("Commissioner") denying her claim for supplemental income under Title XVI of the Social Security Act ("Act"). (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the matter to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters. Plaintiff argues that the Administrative Law Judge's ("ALJ") decision to deny her claim is not supported by substantial evidence. (ECF No. 1, 17.) Defendant responded (ECF No. 21), and Plaintiff replied (ECF No. 25)[1]. Judge Christoff entered a Report and Recommendation ("R&R") recommending that the Court affirm the

---

[1] Plaintiff's "reply" brief did not advance the merits of her claim, instead addressing Defendant's "motion to unseal notice regarding a suspected unauthorized practice of law," by a party on Plaintiff's behalf. (ECF No. 24.) Judge Christoff's R&R on Plaintiff's claim also included an order addressing Defendant's motion. (ECF No. 26.) The Court only rules on the merits of Plaintiff's claim under the Act, without disturbing Judge Christoff's order on the motion to unseal. Defendant's motion to unseal is a pretrial matter Judge Christoff may resolve under Administrative Order No. 2013-05, and 28 U.S.C. §§ 636–39.

Commissioner's final decision.  (ECF No. 26.)  For the reasons below, the Court **ADOPTS** the R&R in full and **AFFIRMS** the Commissioner's decision.

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).

No party objected to the R&R, and the time for filing objections has expired.  *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).  Because neither party objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Turning to Judge Christoff's ruling, she addressed Plaintiff's arguments with two main findings to support her R&R.  First, she found that the ALJ did not err by ruling without testimony from a vocational expert.  (ECF No. 26 at PageID 868.)  This Court agrees with Judge Christoff and finds that she made no clear error when she held that the ALJ was "within his discretion to rely solely on [Medical-Vocational Guidelines] instead of calling a [Vocational Expert] to testify."  (*Id.* at PageID 872 (citing Sixth Circuit cases in support of this proposition).)

Second, Judge Christoff found that substantial evidence supported the ALJ's decision to deny Petitioner's claim because Petitioner was not disabled under the Act.  (*Id.*)  The Court finds Judge Christoff made no clear error in finding that the ALJ did not ignore the severity of Plaintiff's conditions, that the ALJ properly weighed the evidence, and that the ALJ's determination was supported by substantial evidence from the record.  (*Id.* at PageID 872–80.)

Plaintiff did not object to Judge Christoff's R&R.  Having reviewed the R&R and the record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety.  Thus, the Court **AFFIRMS** the Commissioner's decision.

**SO ORDERED**, this 15th day of February, 2023.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE